IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

WILL F. CLARK, Register No. 156733, )
                                                               )
                        Plaintiff, )
                                                               )
                             v. )           No. 06-4012-CV-C-SOW
                                                               )
C.O. NEFF, et al., )
                                                               )
                      Defendants. )

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      Named defendants are Corrections Officers Neff and Smith. In support of his claims for relief, plaintiff asserts defendants placed handcuffs on him, tightened them excessively and left them on without loosening them for so long that plaintiff suffered personal injury. Plaintiff claims he repeatedly asked defendants to loosen the cuffs and they refused to do so.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

      Plaintiff is a frequent litigator who has had several cases dismissed for failure to state a claim or because frivolous under 28 U.S.C. § 1915. See Clark v. Armontrout, No. 89-4280

(W.D. Mo. 1990); Clark v. Long, No. 98-4009 (W.D. Mo. 1998); Clark v. Holland, No. 99-6121 (W.D. Mo. 1999).

Although plaintiff claims defendants caused him serious injury, that is an event which has passed and does not fall within the limited category of cases which are allowed to proceed in forma pauperis by a frequent litigator, because he has not shown how he is in imminent danger of "serious physical injury."

Thus, plaintiff's claims are subject to dismissal because plaintiff is a frequent litigator who is barred from filing further lawsuits in forma pauperis unless he is in immediate danger of serious physical harm.

THEREFORE, IT IS RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases or appeals dismissed as frivolous or for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days; thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 14th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge