# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILL E. CLARK, Register No. 156733, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4012-CV-C-SOW |
| ) | |
| C.O. NEFF, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Will E. Clark, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 18, 2006, defendants Neff and Smith filed a motion for summary judgment. They allege there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Plaintiff responded in opposition to the motion, and defendants replied.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## Discussion

Plaintiff Will Clark asserts defendants used excessive force when they handcuffed him for transportation within Jefferson City Correctional Center to a dental appointment.  He remained in the handcuffs for approximately 65 minutes and states he repeatedly told the officers the handcuffs were too tight and his hands were going numb.  Plaintiff claims that as a result, he has suffered nerve damage in his hands and wrists.  He does not dispute that the handcuffs were deadlocked when first placed on him.

Defendants do not dispute that Clark was handcuffed for transportation from the administrative segregation housing unit to the medical unit.  They assert, however, that he was handcuffed according to official procedures, it was not excessively tight and he was not injured as a result of being handcuffed.  They note he did not request medical attention for three days, even though he was in the medical unit after being handcuffed, and that when he was examined two weeks later, no injury or pain was noted.  It is noted that plaintiff does not challenge being handcuffed; he simply claims the handcuffs were too tight, defendants were informed and did not loosen the handcuffs, and he was permanently injured as a result.

It is well settled that prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "unnecessary and wanton infliction of pain," however, violates the Eighth Amendment.  Id. at 319 (citation omitted).  Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing

2

harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty." Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994). In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. Id. at 871. Further, prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force. Whitley, 475 U.S. at 319; Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993).

An excessive-force plaintiff, however, must suffer "actual injury." Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995). Although serious injury is not required to show cruel and unusual punishment, Hudson v. McMillian, 503 U.S. 1 (1992), it is a factor that may be considered. Howard, 21 F.3d at 871. See also Dawkins v. Graham, 50 F.3d at 535 (an excessive-force plaintiff must show "actual injury," which is less than "significant injury").

In this case, defendant Neff states he always placed his own little finger on the outside bone of an inmate's wrist when he adjusted the tightness of the restraints. He states his finger could slip in and out of the area between the restraint and the inmate's skin, and so the restraint was not tight enough to do damage. He indicates this was done in accordance with standard procedures and policies, and that Clark was transported to the medical department that day as a part of a group.

In support of their motion for summary judgment, defendants have submitted a copy of plaintiff's medical records. Those records show plaintiff complained of his left wrist hurting and numbness. Medical personnel treated plaintiff on several occasions, but did not diagnose an injury other than discomfort. The notes indicate he was treated with reassurance and an Ace bandage. The physician and nurses who saw him did not find decreased range of motion, discoloration or swelling. There is no documentation of nerve damage. Defendants note plaintiff is a diabetic.

In response to defendants' motion, plaintiff asserts there are genuine issues of material fact and that he has suffered nerve damage. The records he submitted, however, support his

3

assertion that he has sought medical care for numbness in his left hand, but do not provide any evidence that he suffered from an actual injury or that the numbness was caused from the handcuffing on August 4, 2005.  Further, there is no documentation of any significant pain.  In addition, there is no evidence from which a jury could find that the handcuffs, if too tight, were placed like that for the purpose of causing harm, or that defendants were deliberately indifferent to the danger that plaintiff might be seriously harmed by the handcuffs.

In the absence of evidence that defendants acted with the intent to cause plaintiff harm and that plaintiff suffered an actual injury, defendants are entitled to judgment as a matter of law.

In light of the recommendation being issued on the merits of plaintiff's claim, the court has not addressed defendants' assertions that they are entitled to Eleventh Amendment immunity because plaintiff has named defendants only in their official capacities.  In response, plaintiff has asked the court to liberally construe his complaint to include individual capacity claims.

The court notes plaintiff recently renewed his request for appointment of counsel.  Based on the foregoing, plaintiff's motion will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice.  [45]  It is further

RECOMMENDED that defendants' motion of December 18, 2006, for summary judgment be granted and plaintiff's claims be dismissed.  [36, 39]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 7th day of February, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5