# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| WILL E. CLARK, Register No. 156733, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4012-CV-C-SOW |
| | ) | |
| C.O. NEFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On February 7, 2007, United States Magistrate Judge William A. Knox recommended that defendants' motion for summary judgment be granted and that plaintiff's claims be dismissed. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiff filed exceptions on February 20, 2007, indicating he had medical support for his claim that he suffered nerve damage when he was handcuffed too tightly for approximately one hour on August 4, 2005. Thereafter, plaintiff was given an opportunity to submit medical records supporting his claim. On June 14, 2007, plaintiff submitted those medical records.

Defendant submitted, on June 8, 2007, suggestions in opposition to plaintiff's exceptions and a copy of plaintiff's medical records relative to his left wrist.

The court has conducted a de novo review of the record[1], including (1) the exceptions and medical records filed by plaintiff, and (2) the response and records filed by defendants. Plaintiff's medical records show that in January 2007, Dr. Ensling clinically noted that plaintiff had signs of left-hand carpal tunnel syndrome and would be referred to orthopedic surgery for an evaluation. The records state, in part, that the problem "started August 4 2005 with numbness, weakness and intermittent spasms on his L hand. He was given a hand splint in December 2005.

---

[1] Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

Physical exam at the time showed positive for CTS, and ulnar and radial nerve compression." (Doc. 54.)

On May 18, 2007, plaintiff was seen by Dr. Hardman for an assessment of his need for an orthopedic referral. Plaintiff was called to the clinic without prior notice and was not wearing his splint at the time. Dr. Hardman noted plaintiff was very specific in reporting the date and way his hand problem occurred. Dr. Hardman, however, did not find motor or sensory deficits in relation to the left hand or wrist, and assessed a "possible past neural contusion." (Doc. 53-2.)

Plaintiff's medical records show that he has repeatedly complained of problems with his left hand and wrist, and has received some conservative treatment for his complaints. The medical records do not offer proof, however, that plaintiff suffered an actual injury when handcuffed on August 4, 2005. Instead, they merely show that he attributed the numbness in his left hand to that date and reported it to his physicians.

Further, defendants assert that carpal tunnel syndrome is caused by repetitive motion and strain, and plaintiff has submitted no expert testimony that his possible condition could have been caused by the handcuffing. See Foster v. Metro. Airports Commission, 914 F.2d 1076, 1077-78 (8th Cir. 1990) (without medical records indicating long-term injury, allegations of pain and nerve damage as a result of being handcuffed too tightly for two hours were insufficient to support excessive-force claim).

As noted by Magistrate Judge Knox, there is also no evidence that defendants acted with the intent to cause plaintiff harm or engaged in excessive cruelty. Plaintiff has not come forward with evidence refuting defendants' assertion that they used standard procedures to apply the handcuffs or that he was handcuffed as part of a group of individuals being transported to various appointments that day. To violate the Eighth Amendment, the force used must have been applied maliciously or sadistically for the very purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

Accordingly, the court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal.

2

Case 2:06-cv-04012-SOW   Document 56   Filed 08/27/07   Page 2 of 3

Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

     IT IS, THEREFORE, ORDERED that the Report and Recommendation of February 7, 2007, is adopted.  [46]  It is further

     ORDERED that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed.  [36, 39]

     /s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated:  August 27, 2007

3